Argued March 3, affirmed April 1, 1975

GRATTAN, *Appellant, v.* BAYLEY, *Respondent.*

533 P2d 349

*Stanley E. Erickson,* Portland, argued the cause and filed the briefs for appellant.

*Paul J. Jolma,* Clatskanie, argued the cause and filed a brief for respondent.

Before · McAllister, Presiding Justice, and Denecke, Holman, Tongue, Howell and Bryson, Justices.

PER CURIAM.

Plaintiff filed this action in ejectment to secure possession of approximately 30 acres of rural land in Columbia County. The defendant filed a counterclaim in equity in which he alleged that he held the property pursuant to an oral agreement made with plaintiff's grandmother that she would devise the property to him in her will in consideration of defendant's taking care of the grandmother for the rest of her life. He also alleged complete performance of the contract.

From the time they met in 1965, plaintiff's grandmother, Minnie Johnson, and the defendant lived together at Minnie Johnson's small farm most of the time. Minnie was substantially older than defendant and in poor health. They entered into an oral agreement whereby they would operate the farm together and defendant would take care of Minnie for the rest of her life. In the event Minnie predeceased defendant,

she would leave the farm to him, and in the event he predeceased her, he would leave her the small number of cattle he purchased, plus whatever other assets he had. Minnie executed a will in defendant's favor and the parties lived together until her death in 1972.

Subsequent to the execution of the will, Minnie conveyed the farm to her granddaughter, the plaintiff, reserving a life estate. The defendant contended that the conveyances were the result of duress and misrepresentation on the part of the plaintiff.

It is not necessary to review the evidence in detail. The trial court found in favor of defendant and awarded the property to him.

■ While we review the evidence de novo, we agree with the conclusions of the trial court. The defendant took excellent care of Minnie, who was bedfast a good portion of the time, requiring nursing services from defendant. We find the defendant completely performed the oral agreement, and we also agree with defendant's contention that the conveyances to plaintiff from Minnie were the result of duress or misrepresentation.

Affirmed.